UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BONITA VASON,

CIVIL ACTION NO.:

Plaintiff,

vs.

**5:10-CV-133**

UNITED STATES OF AMERICA,

Defendant.

## COMPLAINT

COMES NOW BONITA VASON, Plaintiff in the above-styled action and files this complaint against the Defendant, UNITED STATES OF AMERICA, and respectfully shows to the Court the following:

### PARTIES, JURISDICTION AND VENUE

1. This is an action to vindicate the constitutional and civil rights of plaintiff, BONITA VASON, and to compensate her for her injuries, which occurred as a result of defendant's negligence.

2. This is an action for medical professional negligence arising out of the medical care and treatment rendered by defendant to plaintiff.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(b). Venue is proper pursuant to 28 U.S.C. § 1391 in that the events or omissions giving rise to this action occurred in this District.

4. At all times material hereto, plaintiff, BONITA VASON, was a resident of Montezuma, Georgia.

5. At all times material defendant, United States of America, owned and operated the medical clinic known as Southwest Georgia Healthcare Association, Inc. through the Department of Health and Human Services, a federally funded and operated healthcare provider organized pursuant to the laws of and constitution of the United States of America. Defendant may sue and be sued.

6. Defendant, United States of America, has been timely notified pursuant to 28 U.S.C. section 2401 and 2675 and Plaintiff's complaint has been denied.

7. All other conditions precedent to the filing of this complaint have been performed or have occurred.

8. At all times pertinent to the allegations of this complaint, Defendant, United States of America through Southwest Georgia Healthcare Association, Inc. through its agents and/or employees, in particular, physicians, nurses, and staff held itself out to the public as skilled in the healing arts and in providing general medical care and medical care pertaining to seizures, internal ailments, including ailments of the kidney and liver for the purpose of treatment to patients such as Plaintiff.

## COUNT I

9. Plaintiff realleges paragraphs 1 through 8 above.

10. On or about September 28, 2004, Defendant, United States of America through Southwest Georgia Healthcare Association, Inc., undertook to treat Plaintiff for rashes, abdominal pain, fever and seizures. At the time Defendant, commenced treating Plaintiff, Plaintiff also suffered with ailments to her kidneys and liver.

11. Defendant had a continuing duty to properly treat Plaintiff within the prevailing standard of care for physicians and to monitor any and all medications being taken by Plaintiff to

ensure that they did not have a deleterious effect on Plaintiff's health.

12. Upon examining Plaintiff, Defendant prescribed medication known as Dilantin. At the time of prescribing said medication, Defendant either knew or should have known that Plaintiff was hyper allergic to Dilantin and further that due to Plaintiff's other medical conditions, Plaintiff could not take Dilantin and that the ingesting of said medication would severely affect Plaintiff's other medical conditions.

13. A patient/physician relationship existed between Plaintiff and Defendant by virtue of Defendant undertaking to treat Plaintiff and Defendant were to be paid for these services.

14. As a result of Defendant prescribing Dilantin for Plaintiff, Plaintiff took and received said medication into her body for a period of several days. The prescription of Dilantin for Plaintiff constituted a breach of the duty owed by Defendant to Plaintiff and was a deviation from the standard of care ordinarily employed by competent, similarly qualified physicians. Said deviation was a breach of Defendant's duty to Plaintiff in the following respects:

   a. In failing to properly follow Plaintiff to determine the effect the medication was having on Plaintiff.

   b. In failing to discontinue the Dilantin in light of its effects on Plaintiff.

   c. In failing to properly prescribe the correct medication for Plaintiff, taking into account Plaintiff's medical history which included hypersensitivity to Dilantin and Plaintiff's overall condition.

   d. In prescribing excessive dosages of Dilantin to Plaintiff.

15. As a result, the Plaintiff experienced immediate bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

16. As a direct and proximate result of the negligence of the Defendant, Plaintiff incurred medical expenses in excess of $50,000.00, lost wages in the amount of $25,000.00, mileage expense, prescription costs and other assets. The losses are permanent and continuing and Plaintiff will incur these expenses and costs in the future.

**WHEREFORE,** Plaintiff demands:

a) Trial by jury on all issues be given;

b) That past, present and future general damages be awarded in an amount to be determined by the enlightened companies of a jury.

c) That past, present and future special damages be awarded.

d) That summons and process be issued as provided by law.

e) Costs and interests from the date of demand until paid; and

f) That he be granted such other and further relief as this Court deems just and proper.

Respectfully Submitted,

_____  _____
WILLIE J. WALKER, ESQUIRE     CHARLIE J. GILLETTE, JR., ESQUIRE
Georgia Bar Number 732900     Georgia Bar Number 294860
625 W. Union Street, Suite 3  603 North Market Street
Jacksonville, FL 32202        Jacksonville, FL 32202
Telephone (904) 358-7104      Telephone (904)358-1304
Facsimile (904)353-3702       Facsimile (904)355-1483